UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES OSBORNE and PATRICIA OSBORNE,<br><br>Plaintiffs,<br><br>v.<br><br>SIERRA PACIFIC INDUSTRIES, INC., et al.,<br><br>Defendants. | CASE NO. C24-1018 MJP<br><br>ORDER ON STIPULATED MOTION TO EXTEND EXPERT AND DISCOVERY DEADLINES |

This matter comes before the Court on the Parties' Stipulated Motion to Extend Expert Disclosure and Discovery Deadlines, which is the second request for an extension of the case schedule. (Dkt. No. 16.) Having reviewed the Motion and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

Rule 16(b)(4) requires good cause to amend the Court's case schedule. The Parties now ask to change: (1) the deadline for disclosure of expert testimony from March 18, 2025 to June 20, 2025; (2) the deadline to complete discovery from May 19, 2025 to July 11, 2025; and (3) the

deadline for filing dispositive motions form June 16, 2025 to August 1, 2025. They do not ask to change any other deadlines or the October 14, 2025 trial. In support of this request, the parties identify: (1) Plaintiff's belief he will have difficulty meeting the expert deadline because Defendants only completed discovery roughly one month before the expert deadline; (2) the outstanding discovery Plaintiff has served on various third parties; (3) the Parties' mutual desire to take depositions of four individuals, including two who reside out of state; and (4) potential conflicts arising out of Defendants' counsel's trial in Skagit County Superior Court that may be moved from March to April or May and which may interfere with scheduling depositions in this case.

The Court finds that the reasons provided form the basis of only limited good cause to extend the case schedule. First, the Parties have provided sufficient grounds to allow a brief extension of the expert deadline. But on the record presented, the Court finds that an extension of 30 days is the maximum appropriate extension. The Court therefore GRANTS the Motion and EXTENDS the expert disclosure deadline to April 17, 2025. Second the Court finds good cause to extend discovery, given the apparent delays stemming from discovery from third parties. But the Court finds that the deadline need only be extended 28 days given the substantial time still remaining for discovery. The Court therefore EXTENDS the deadline from May 19, 2025 to June 16, 2025. Third, the Court does not find good cause to extend the dispositive motion deadline of June 16, 2025. None of the reasons identified supports an extension of this June deadline, and the Parties' proposal of an August filing deadline would not allow the Court sufficient time to rule on any motion. As proposed, the Court would have roughly one month before trial to decide the motions. This is not sufficient. Consistent with the Court's initial case schedule—which is a standard schedule—dispositive motions must be filed roughly four months

1    before trial to allow sufficient time for an orderly determination on any such motions in advance
2    of trial.

3    On the record presented, the Court GRANTS in part and DENIES in part the Motion. The
4    Court EXTENDS the expert disclosure deadline to April 17, 2025 and the discovery deadline to
5    June 16, 2025. No other deadlines are altered. Should the Parties renew a request for an
6    extension of the dispositive motion deadline of more than two weeks, they will also need to
7    request an extension of the trial date. And they should be aware that trial dates are not easily
8    rescheduled. Any request must also be supported by evidence of diligence and specific reasons
9    why the Parties cannot meet the case deadlines they wish to have extended.

10    The clerk is ordered to provide copies of this order to all counsel.

11    Dated March 4, 2025.

Marsha J. Pechman
United States Senior District Judge